# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROY D. MORAGA, | 3:14-cv-00230-LRH-VPC |
| *Petitioner*, | |
| vs. | ORDER |
| ROBERT LAGRAND, *et al.*, | |
| *Respondents.* | |

This habeas matter comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The pauper application will be granted on the showing made.

Turning to initial review, the petition clearly is successive on its face and further potentially may not be cognizable in habeas.

Petitioner Roy Moraga was convicted on July 7, 1990, pursuant to a jury verdict, of two counts of burglary and two counts of sexual assault, and he was adjudicated as a habitual criminal. After a remand and an appeal from an amended judgment of conviction, the Supreme Court of Nevada affirmed in an October 4, 1995, order. Petitioner filed a state post-conviction petition on or about February 20, 1996, and that proceeding (along with another coterminous state court proceeding) concluded following a state post-conviction appeal with the issuance of the remittitur on May 18, 1999. Petitioner filed a timely federal petition on September 14, 1999, under No. 3:99-cv-00507-DWH-RAM that ultimately was denied on the merits on December 3, 2008, under No. 3:03-cv-00220-LRH-RAM. The Ninth Circuit affirmed on February 23, 2011, and the Supreme Court denied *certiorari* review on October 3,

2011. Two years later, on December 20, 2013, the Ninth Circuit denied petitioner's application to pursue a second or successive federal habeas petition in No. 13-74048.

In the present petition, Moraga alleges that he is actually innocent based on the bare assertion that updated DNA testing – will – exonerate him. That is, he does not rely upon DNA testing that already has been performed and that, further, exonerates him as a matter of established, non-speculative fact. Petitioner seeks a federal court order that "the new (STR) DNA test samples be tested under the advanced DNA technology that can remove Moraga as the perpetrator against [the victim] and exonerate me of criminal wrongdoing and release me from custody."

Moraga presented substantially the same petition that he now presents to this Court to the Ninth Circuit in No. 13-74048 with an application to file a second or successive petition.[1] The Court of Appeals denied the application.

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. A petition filed after a prior petition was dismissed on the merits constitutes a successive petition. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

In the present petition, petitioner seeks to challenge the same judgment of conviction that he previously challenged in this Court in Case No. 3:03-cv-00220. That petition was dismissed on the merits. The present petition thus constitutes a successive petition. Even if the Court assumes *arguendo* that the petition is cognizable, the Ninth Circuit's denial of petitioner's application to pursue a successive petition as to substantially the same petition arguably would appear to be law of the case. Petitioner should not expect to get a different result simply by filing substantially the same petition instead in the district court. Petitioner must obtain permission from the Court of Appeals to pursue a successive petition, which he clearly has not obtained in this case.

---

[1] Compare #1-1 herein with No. 13-74048, #1-2, at electronic docketing pages 156-78. Although one is not a photocopy of the other, substantial portions of the petition tendered to this Court track verbatim the grounds, allegations, arguments, and prayer for relief in the petition tendered to the Ninth Circuit.

1  It further is subject to substantial question whether the petition is cognizable in habeas. The Supreme Court has held that an action to secure DNA testing is cognizable in a civil rights action, subject then to the plaintiff being able to actually establish a procedural due process violation. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1298-1300 (2011). Language in *Skinner* arguably suggests that the relief sought perhaps may be available, upon an adequate showing, *only* in a federal civil rights action.[2] Petitioner's claims in particular of alleged error in state post-conviction proceedings directed to his request for DNA testing indisputably are not cognizable in a federal habeas corpus. *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). The Court need not tarry over such issues, however, because the petition, to the extent cognizable in habeas, clearly is a successive petition.[3]

The present petition therefore will be dismissed without prejudice as a successive petition. Further proceedings herein in advance of entry of judgment would be both futile and an imprudent application of limited judicial resources. Petitioner simply is frivolously pursuing a successive petition after the Court of Appeals already has denied his application to file a second or successive petition seeking to pursue substantially the same tendered petition.

IT IS THEREFORE ORDERED that petitioner's application (#1) to proceed *in forma pauperis* is GRANTED and that petitioner will not be required to pay the filing fee herein.

/ / / /

---

[2]*See* 131 S.Ct. at 1299 ("It suffices to point out that Switzer has found no case, nor has the dissent, in which the Court has recognized habeas as the sole remedy, *or even an available one*, where the relief sought would 'neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody.'")(emphasis added); *id*., at 1299 n.13 ("*Dotson* declared, however, in no uncertain terms, that when a prisoner's claim would not "necessarily spell speedier release," that claim does not lie at "the core of habeas corpus," and may be brought, if at all, under § 1983.")(emphasis added).

[3]The Court further will not *sua sponte* recharacterize what clearly is a habeas petition instead as a § 1983 complaint. In order to commence a civil rights action, petitioner must commence a proceeding governed by an entirely different set of procedures and, *inter alia*, acknowledge his responsibility ultimately to pay not a $5.00 filing fee but instead a $350.00 filing fee. Moreover, the filing of a civil rights action exposes petitioner to the possibility of incurring a "strike" for purposes of 28 U.S.C. § 1915(g). The Court would not necessarily be doing petitioner any favors by *sua sponte* recharacterizing his petition instead as something that it clearly is not. *Cf. Castro v. United States*, 540 U.S. 375, 385-88 (2003)(Scalia, J., concurring)(noting the harm that can be caused to *pro se* litigants by recharacterizing their filings). Petitioner, a not infrequent litigator in this Court, knows how to commence a civil rights action. If he wishes to take on the additional responsibilities and potential consequences of pursuing a civil rights action, that is up to him to decide to do – in a new action. The Court further notes in this regard that petitioner still has proceedings pending in the Supreme Court of Nevada under No. 64931 in that court directed to his request in the state courts to obtain DNA testing.

IT IS FURTHER ORDERED that the Clerk of Court shall file the petition and that the petition is DISMISSED without prejudice as a successive petition.

IT IS FURTHER ORDERED that the Clerk shall file the motion for appointment of counsel submitted with the petition, that the motion is denied on a finding that the interests of justice do not require the appointment of counsel on the clearly successive petition, and that the Clerk shall reflect the denial of the motion in a manner consistent with the Clerk's current practice for such docket entries.

IT IS FURTHER ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk shall informally electronically serve the state attorney general, that the Clerk shall direct regenerated notices of electronic filing of the prior filings herein to the attorney general, and that counsel shall file a notice of appearance within **twenty-one (21) days** of entry of this order.  **No response is required from respondents other than to respond to any orders of a reviewing court.**

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.  Jurists of reason would not find the district court's dismissal of the successive petition without prejudice to be debatable or wrong, for the reasons discussed herein.  The Court of Appeals already has denied petitioner's application to file a second or successive petition seeking to pursue substantially the same underlying petition.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED this 5th day of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE